```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

VICTOR HERRERA,                         :
                                        :
        Petitioner,                     :
                                        :
v.                                      :   CASE NO. 3:04-CV-1842(RNC)
                                        :
DAVID STRANGE, WARDEN and               :
BUREAU OF IMMIGRATION & CUSTOMS         :
ENFORCEMENT,                            :
                                        :
        Respondents.                    :

                          RULING AND ORDER

Petitioner, a Connecticut inmate proceeding pro se and in forma pauperis, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his continued incarceration at Osborn Correctional Institution after being voted to parole, and requesting an order requiring that he be released into the custody of the Bureau of Immigration & Customs Enforcement ("BICE") for removal to his native country, the Dominican Republic.  For the reasons set forth below, the petition is dismissed.

I.   Background

After pleading guilty to selling narcotics in violation of Conn. Gen. Stat. § 21a-278(b), petitioner was sentenced on May 27, 2003, to twelve years in prison, suspended after four years, and five years probation.  When he was incarcerated, the Department of Correction noted in his file that it had insufficient information about his immigration status, and that BICE should be contacted prior to his release.  On September 19,

2003, petitioner was voted to parole, with a contingent effective date on or after March 12, 2004.  BICE was notified of this and responded by lodging an immigration detainer with the authorities at Osborn.  See State Resp't's Resp. To Order to Show Cause, Ex. 5.  The detainer stated that BICE was investigating whether the petitioner was subject to removal from the United States.  See id., Ex. 4.  Petitioner's parole release was then rescinded.  See id., Ex. 5.  He brings this petition seeking "to be release[d] or be sent back home to [the] Dominican Republic."  Am. Pet. for Writ of Habeas Corpus at 9 (doc. # 10).

II. Discussion

Petitioner's habeas claim challenging the validity of his continued confinement in state custody cannot be addressed on the merits unless he has "exhausted the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(1)(A) (2000); Ellman v. Davis, 42 F.3d 144, 147 (2d Cir. 1994).  Petitioner could have brought this claim in state court before seeking relief here.  See Johnson v. Comm'r of Corr., 258 Conn. 804, 805-08 (2002)(Connecticut courts have jurisdiction to hear habeas petitions brought by state prisoners claiming a right to be released on parole).  It is undisputed that petitioner has not sought habeas relief in state court.  Accordingly, this claim

must be dismissed.[1]

Turning to the claim against BICE, the relief petitioner seeks -- an order directing BICE to take him into custody and remove him to the Dominican Republic -- is more in the nature of mandamus relief.  See Bell v. INS, 292 F. Supp. 2d 370, 372 (D. Conn. 2003) ("A writ of mandamus is a petition to a court requesting an order to compel an officer or employee of the United States to perform a duty owed to the petitioner").  Mandamus relief is available only when the petitioner has a clear right to the relief sought, the respondent has a plainly defined duty to do the act in question, and no other adequate remedy is available.  Id. (quoting Billiteri v. United States Bd. of Parole, 541 F.2d 938, 946 (2d Cir. 1976)).  BICE has no duty at the present time to institute removal proceedings against the petitioner.  See Duamutef v. INS, 386 F.3d 172, 180 (2d Cir. 2004).  Accordingly, the claim against BICE must be dismissed as

---

[1] Warden Strange argues that petitioner has failed to exhaust state administrative remedies by not pursuing a grievance under Department of Correction Administrative Directive 9.6 ("Directive 9.6").  See State Resp't's Resp. to Order to Show Cause at 3.  The law requires petitioner to exhaust all available state remedies, including administrative ones, before filing a petition with this court.  28 U.S.C. § 2254(b)(1) (2000); Preiser v. Rodriguez, 411 U.S. 475, 491-93 (1973).  However, Warden Strange has not demonstrated that petitioner has a remedy available to him under Directive 9.6, and, based on my review of the Directive, it is not clear to me that he does.  As a result, I do not rule on the question whether he was required to pursue a grievance before going to court.

well.[2]

III. Conclusion

For the foregoing reasons, the petition is hereby dismissed. The Clerk may close the file.

So ordered.

Dated at Hartford, Connecticut on this 28th day of March, 2006.

```
                              _____\s_____
                                    Robert N. Chatigny
                              United States District Judge
```

---

[2] To the extent the petition can be construed as attempting to seek habeas relief with regard to BICE, it must be dismissed because BICE does not have custody of the petitioner at this time. A court may grant habeas relief only against the person who has custody over the petitioner. Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004). It is "firmly established in this district" that a detainer "in no way subjects the petitioner to the custody" of BICE. Fernandez-Collado v. INS, 644 F. Supp. 741, 744 (D. Conn. 1986), aff'd 857 F.2d 1461 (2d Cir. 1987). Unlike a final order of removal, a detainer is "not a definitive decision regarding deportation or an order that will necessarily result in [BICE] taking petitioner into custody." Bell, 292 F. Supp. 2d at 373.